IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIAM A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-061 |
| | ) | |
| STATE OF GEORGIA; GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| EMANUEL WOMEN'S FACILITY; | ) | |
| VICKY WINKFIELD, Warden; and | ) | |
| NEILIA PHILLIPS, HR Tech, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*). Upon identifying pleading deficiencies in the original complaint, the Court afforded Plaintiff an opportunity to amend his complaint. (See doc. no. 4.)

I.  **SCREENING THE AMENDED COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names five Defendants: (1) State of Georgia; (2) Georgia Department of Corrections; (3) Emanuel Women's Facility; (4) Vicky Winkfield, Warden at Emanual Women's Facility; and (5) Neilia Phillips, Human Resources Tech. (Doc. no. 5, pp. 1-2.)

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff worked as a maintenance supervisor at Emanuel Women's Facility until his termination on December 9, 2021. (Doc. no. 5, pp. 5, 7; doc. no. 5-1, pp. 8, 9.) In a letter dated July 26, 2021, Defendant Winkfield informed Plaintiff he had been suspended with pay pending a fitness for duty evaluation. (Doc. no. 5, p. 7; doc. no. 5-1, p. 1.) Upon conclusion of the evaluation, Defendants Winkfield and Phillips, identified as Plaintiff's "employer," determined Plaintiff was not psychologically fit for duty based on the results of a state ordered mental health exam. (Doc. no. 5, p. 7; doc. no. 5-1, p. 7.) Plaintiff was not provided an explanation about the findings of the evaluation or "given an opportunity to take a different position." (Doc. no. 5, p. 7.) Despite his eighteen years of work history with the state, Plaintiff was not given the opportunity to take early retirement, a well-known policy followed at Emanuel Women's Facility when an employee is terminated. (Id.) Plaintiff was denied unemployment benefits because his employer reported he had been terminated for not doing his job, a different reason than the fitness of duty explanation he received at the time his employment was terminated. (Id.; doc. no. 5-1, p. 10.)

"As a result of this discrimination based on [his] mental health," Plaintiff suffered financially, and his mental health declined significantly as a result of worsening depression. (Doc. no. 5, p. 7.) Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging he was discriminated against under the American with Disabilities Act ("ADA") when he "was terminated because [he] was found[] Psychologically unfit for duty." (Doc. no. 5-1, p. 12.) In his amended complaint, Plaintiff also alleges his termination was the result of unlawful discrimination under the ADA based on a "psychological disability."

2

(Doc. no. 5, pp. 4-5.) He seeks an early retirement option from the state, back dated to his termination in December, 2021. (Id. at 7.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"

3

Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Relief

As the Court explained in its prior order directing Plaintiff to amend his complaint, a *prima facie* disability claim under the ADA requires allegations that Plaintiff (1) is disabled; (2) is a qualified individual as defined in the statute; and (3) was subjected to unlawful discrimination because of his disability.  See Frazier-White v. Gee, 818 F.3d 1249, 1255 (11th Cir. 2016); Shepard v. United Parcel Serv., Inc., 470 F. App'x 726, 729 (11th Cir. 2012) (*per curiam*).  The ADA defines a qualified individual as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  "The ADA requires an employer to make reasonable accommodations to an otherwise qualified employee with a disability, unless doing so would impose [an] undue hardship." Frazier-White, 818 F.3d at 1255.  However, "[a]n accommodation is only reasonable if it allows the disabled employee to perform the essential functions of the job in question," and the duty to provide such reasonable accommodation is not triggered unless the employee makes a specific demand for the

4

accommodation and demonstrates it is reasonable.  Id. at 1255-56.

Here, Plaintiff alleges a disability in only general terms - a "psychological" disability - and mentions only in passing that his depression has "slipped to a new low."  (Doc. no. 5, pp. 5, 7.)  Although Plaintiff does not describe what the fitness for duty / state ordered mental health exam tested,[1] liberally construing the amended complaint, Plaintiff also alleges he was fired because of his disability based on the determination he was "unfit to continue working." (Id. at 7.)  Notably, however, Plaintiff makes no allegation he was qualified to perform the essential functions of a maintenance supervisor.  Indeed, he does not provide any facts relating to the duties required of him as a maintenance supervisor, let alone allege he was able to perform the essential functions of his job without accommodation.  Nor has he alleged he could perform the essential functions of his job with a reasonable accommodation, let alone that he ever asked for any kind of accommodation.  Stated otherwise, Plaintiff completely fails to address an essential element of a *prima facie* claim for discrimination under the ADA.

In sum, Plaintiff's statement of claim lacks the most basic of information about his job and any effects of his non-descript psychological condition on his job performance.  Plaintiff has not alleged he was a "qualified individual" under the ADA either because he could perform the essential functions of his job as a maintenance supervisor, or he could perform the essential functions with a reasonable accommodation that he requested.  His request to be allowed to retire when faced with termination is not a request for an accommodation to perform his job, it is a request to be allowed to leave his job under more favorable terms.  As Plaintiff has not

---

[1] In his charge of discrimination, Plaintiff states a "complaint against [him]" made by an inmate in June of 2021 caused him to consider self-harm, a claim that precipitated the mental health evaluation.  (Doc. no. 5-1, p. 12.)

alleged he was a "qualified individual," he fails to state a claim upon which relief can be granted, and the case should be dismissed.  See Ryerson v. Jefferson Cnty. Comm'n, No. 20-14684, 2021 WL 3629906, at *2-3 (11th Cir. Aug. 17, 2021) (*per curiam*) (citing Frazier-White and explaining failure to show a plaintiff is a "qualified individual" as statutorily defined is fatal to ADA claim).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** because it fails to state a claim upon which relief can be granted, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA